UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSIF KAMAL, GILLIAN NEELY, RICHARD LICHTEN, SUSAN COX, NICK TOVAR, MICHELE KINMAN, ASHLEY PETEFISH, and TERRI BROWN, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDEN CREAMERY, LLC, dba HALO TOP CREAMERY, and JUSTIN T. WOOLVERTON,<br><br>Defendants. | Case No.: 18-CV-1298 TWR (AGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL**<br><br>(ECF Nos. 80, 81) |

Presently before the Court is Plaintiffs Youssif Kamal, Gillian Neely, Richard Lichten, Susan Cox, Nick Tovar, Michele Kinman, Ashley Petefish, and Terri Brown's Motion to File Documents Conditionally Under Seal ("Mot.," ECF No. 80). Plaintiffs seek to file under seal the following documents filed in support of their Motion for Class Certification (ECF No. 82): portions of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification and Exhibit A to the Declaration of Andrew J. Brown in Support of Motion for Class Certification ("Brown Class Certification Decl.") and Exhibits C, D, F, and G to the Brown Class Certification Declaration in their entirety.

(*See* Mot. at 2; ECF No. 80-1 ("Brown Sealing Decl.") ¶ 3.)  The basis for Plaintiffs' Motion is that "these documents purportedly contain references and citation to documents designated by Defendants Eden Creamery, LLC and Justin T. Woolverton ("Defendants" or "the Designating Parties") as 'CONFIDENTIAL' and 'CONFIDENTIAL – FOR COUNSEL ONLY'" pursuant to the Stipulated Protective Order entered February 19, 2020 (ECF No. 48).  (*See* Mot. at 2.)

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*

When class certification is effectively dispositive, the compelling reasons standard applies.  *See In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018).  But "[t]he existence of a stipulated protected order is not enough, standing alone, to justify sealing under [even the more permissive] the 'good cause' standard."  *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *2 (C.D. Cal. May 14, 2013) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011)).

Plaintiffs filed the instant Motion pursuant to the Protective Order, (*see* Mot. at 2), and Defendants, as the designating parties, have not offered further arguments to establish that compelling reasons exist to file under seal the lodged proposed sealed documents.  The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion.  Either Party **MAY FILE** a renewed motion to file under seal any documents for which "compelling reasons" exist <u>within fourteen (14) days</u> of the electronic docketing of this Order.  Should

1 | neither Party elect to file a renewed motion, Plaintiffs **SHALL FILE PUBLICLY** ECF
2 | No. 81 in its entirety <u>within twenty-one (21) days</u> of the electronic docketing of this Order.
3 |     **IT IS SO ORDERED.**

Dated: January 25, 2021

*[Signature]*
Honorable Todd W. Robinson
United States District Court