THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN, #160562
BRIAN J. ELLSWORTH, #326756
501 West Broadway, Suite 1490
San Diego, CA  92101
Telephone: (619) 501- 6550
andrewb@thebrownlawfirm.com
brian@bjellsworth.com

*Attorneys for Plaintiffs Individually
and on Behalf All Others Similarly Situated*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSIF KAMAL, GILLIAN NEELY, RICHARD LICHTEN, SUSAN COX, NICK TOVAR, MICHELE KINMAN, ASHLEY PETEFISH and TERI BROWN, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EDEN CREAMERY, LLC, dba HALO TOP CREAMERY, and JUSTIN T. WOOLVERTON, <br><br> Defendants. | Case No.  18cv1298 TWR AGS <br><br> Assigned to the Hon. Todd Robinson and the Hon. Andrew Schopler <br><br> **PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** <br><br> Date: March 24, 2021 <br> Time: 3:00 PM (PST) <br> Dept:  3A <br><br><br> Orig. Complaint Filed:  June 15, 2018 <br> Trial Date:  None Set |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................5

II.    PROCEDURAL BACKGROUND ..................................7

III.  STATEMENT OF FACTS.................................................9

V.    ARGUMENT....................................................................12

    A.   Dismissal Without Prejudice is Appropriate Here.............13

         1.   There Is No Legal Prejudice To Defendants .........................13

         2.   There Is No Basis To Require A Dismissal With Prejudice ....14

    B.   The Court Should Not Impose Conditions on the Dismissal.............16

         1.   Attorneys' Fees Should Not Be Imposed As A Condition.......16

         2.   Costs Should Not Be Imposed As A Condition ......................17

         3.   No Other Conditions Are Appropriate ....................................18

VI.  CONCLUSION ...........................................................19

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE**

# TABLE OF AUTHORITIES

**CASES**

*Abbey Dental Ctr. Inc. v. Consumer Opinion, LLC*,
 782 Fed. Appx. 618; 2019 U.S. App. LEXIS 32056, **3; (9th Cir. 2019) ........17, 18

*Alyeska Pipeline Service Co. v. Wilderness Society*,
 421 U.S. 240 (1975), ..............................................................................................17

*Bird v. PSC Holdings I, LLC*,
 2014 U.S. Dist. LEXIS 57589 *4 - 5 (SD Cal   April 17, 2014) ............................15

*Cent. Mont. Rail v. BNSF Ry. Co.*,
 422 Fed. Appx. 636 (9th Cir. 2011) ........................................................................16

*Egan v. Singer*,
 2014 U.S. Dist. LEXIS 119453 *7  (D. HI August 27, 2014) ..................................17

*Foman v. Davis*,
 371 U.S. 178 (1962) ................................................................................................15

*Hamilton v. Firestone Tire & Rubber Co.*,
 679 F.2d 143 (9th Cir. 1982)....................................................................................14

*Hanon v. Dataprods. Corp.*,
 976 F.2d 497 (9th Cir. 1992).......................................................................................7

*Heckethorn v. Sunan Corp.*,
 992 F.2d 240 (9th Cir. 1993)....................................................................................17

*Hepp v. Conoco, Inc.*,
 97 Fed. Appx. 124; U.S. App. LEXIS 8790, *3 (9th Cir. 2004) ..............................18

*International Video Corp. v. Ampex Corp.*,
 484 F.2d 634 (9th Cir. 1973)....................................................................................16

*Koch v. Hankins*,
 8 F.3d 650 (9th Cir. 1993)..................................................................................17, 18

*Mitchell-Jones v. Menzies Aviation, Inc.*,
 2011 U.S. Dist. LEXIS 82889, *8 (WD Wash. July 28, 2011) ........................15, 16

*Smith v. Lenches*,
 263 F.3d 972 (9th Cir. 2001)..............................................................................12, 13

*Tuoi Thi Ngo v. County of Riverside et al.*,
 2019 U.S. Dist. LEXIS 153863 *8 ...........................................................................15

*Westlands Water Dist. v. United States*,
 100 F.3d 94 (9th Cir. 1996)...............................................................................passim

- 3 -

# TABLE OF AUTHORITIES CONTINUED

**STATUTES**

Fed. R. Civ. Proc. 41(a)(1)(A)(ii) ................................................................12

Fed. R. Civ. Proc. 41(a)(2)..........................................................12, 15, 16, 17

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE**

1    Plaintiffs Youssif Kamal, Gillian Neely, Richard Lichten, Susan Cox, Nick
2    Tovar, Michele Kinman, Ashley Petefish and Teri Brown, ("Plaintiffs") hereby move
3    this court for an order pursuant to Fed. R. Civ. Proc. 41(a)(2), dismissing Plaintiffs'
4    claims without prejudice.

5    **I.        INTRODUCTION**

6    Originally filed on June 15, 2018, Plaintiffs' first complaint alleged that
7    consumers routinely received "underfilled" pints of Halo Top ice cream, and
8    Defendants knew it.  ECF 1.  Plaintiffs' theory, as explained in more detail in the First
9    Amended Complaint ("FAC") (ECF 8), was that Defendants underfilled their pints at
10   the point of manufacture.   This theory was consistent with Plaintiffs' personal
11   experiences and Defendants' statements.  See, e.g. FAC at ¶¶ 56, 75 and 83 (photos of
12   Plaintiffs' underfilled pints); *Id.* ¶ 54 (Defendants' directed Plaintiff Neely to go to
13   their website and fill out a "low fill response form.").

14   Two months after filing the FAC, on November 12, 2018 Defendants moved to
15   dismiss the FAC.  ECF 14.  Their motion admitted consumers routinely received
16   "underfilled" pints, but asserted (without evidence) the underfilled pints were the fault
17   of third parties and not their own.  See, e.g. Order Granting in Part and Denying in Part
18   Defendants' Motion to Dismiss the First Amended Complaint (ECF 22) at p. 11
19   ("Defendants, however, contend that Plaintiffs lack standing because 'they fail to allege
20   facts suggesting that Defendants caused any products to be under-filled,' and, instead,
21   the FAC 'indicates that the alleged under-filling, if any, is caused by third parties.'");
22   *Id.* at 19, 20 (Defendants' own statements "plausibly show that there are means to avoid
23   settling during shipping and distribution that purportedly results from melting and
24   refreezing.").   Blaming third parties for consumers receiving underfilled pints has
25   continued to be a defense throughout.  See, e.g. Answer at ¶221 ("The Complaint is
26   barred, in whole or in part, because the conduct complained of is attributable to the acts
27   of others and not Defendants.") ECF 24.

28

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE**

1    Defendants began producing documents in 2020, and discovery revealed that

2   while the harm to consumers (receiving "underfilled" pints) was not in dispute, the

3   *cause* of that harm lay somewhere in between the two parties' claims.  That is, most of

4   the underfilled pints were the result of what Defendant calls "shrinkage," but that

5   "shrinkage" was not the fault of third parties – it was Defendants themselves.  See,

6   Second Amended Class Action Complaint for Damages, Injunctive Relief, and

7   Restitution ("SAC") at ¶¶ 4 – 12. ECF 110, Ex. 1.  Moreover, Defendants' ice cream's

8   propensity to suffer "shrinkage" under normal conditions was never shared with

9   consumers and Defendants made various statements and material omissions to hide the

10  problem.  *Id.*

11   Plaintiffs now desire to pursue their claims in a lawsuit consistent with what

12  Plaintiffs uncovered in discovery and what the evidence shows, and not be limited to

13  the allegations in the FAC, which was drafted without the benefit of that discovery.

14  Not only will it result in an adjudication on the merits of Plaintiffs' meritorious claims,

15  it will also result in a more complete and accurate decision on Plaintiffs' motion for

16  class certification because that motion will be based on the evidence in the case, and

17  not Plaintiffs' pre-discovery allegations. See, e.g. *Hanon v. Dataprods. Corp.*, 976 F.2d

18  497, 509 (9th Cir. 1992) (the court may consider evidence related to the merits of the

19  action to determine whether Rule 23 is satisfied). Therefore, Plaintiffs seek the court's

20  permission, pursuant to Fed. R. Civ. Proc. 41(a)(2), to dismiss this action without

21  prejudice and pursue their claims in a separate lawsuit.

22   Plaintiffs are cognizant that the court previously denied Plaintiffs' request to

23  amend the FAC to add these allegations and in other material respects, and the reasons

24  stated for that ruling.  ECF 104.  This motion is therefore brought to obtain on behalf

25  of Plaintiffs' and the classes they seek to represent, a decision on the merits of their

26  claims in a proceeding that permits them to pursue a theory based on what the evidence

27  shows.  If this motion is granted, Plaintiffs intend to file a complaint substantially

28  similar to the SAC in federal court.  Brown Decl., ¶1.

With full disclosure of Plaintiffs' intentions to Defendants in this case, Plaintiffs have sought their agreement on this motion, but to no avail.  First, Plaintiffs proposed a stipulation, but Defendants declined.  Plaintiffs advised them that Plaintiffs would be filing a motion, and asked Defendants' position.  Because Defendants said they opposed the motion, Plaintiffs met and conferred with Defendants to try to resolve any issues. During the meet and confer, Plaintiffs offered an agreement that the discovery taken so far could be used in the subsequent case, and inquired whether the parties could agree to other work-product or costs incurred by Defendants that could be avoided in the subsequent filing.  Brown Decl., ¶¶5-6.  Defendants declined to engage in that discussion, and were not interested in that form of compromise, instead insisting that either the dismissal should be with prejudice, or that Plaintiffs should pay Defendants' attorneys' fees and costs in this litigation.  *Id.*

They are entitled to neither.  Plaintiffs respectfully request their motion to dismiss without prejudice be granted without conditions.

## II.          PROCEDURAL BACKGROUND

The initial Complaint in this class action was filed on June 15, 2018. ECF 1. After receiving an extension of time to respond to the Complaint, on August 16, 2018, Defendant Eden Creamery, LLC filed a Motion to Dismiss the Complaint. ECF 7. Plaintiffs filed the FAC pursuant to Fed. R. Civ. Proc.  15(a) on  September 6, 2018. ECF 8. The FAC added Justin T. Woolverton as a defendant, added numerous factual allegations, added several plaintiffs, and added several state law causes of action.  *Id*. The over-arching theory of the FAC, based on information in Plaintiffs' possession at that time, was that Defendants Eden Creamery and Justin Woolverton (collectively "Defendants") were selling "underfilled" pints and that prior to purchase consumers could not know whether they were purchasing a full pint.

Defendants sought and received another 60 days to file a renewed motion to dismiss. ECF 13.  On November 12, 2018, Defendants moved to dismiss all claims in the FAC, for numerous reasons.  ECF 14, 16.  After briefing and without oral argument,

1   the Court granted in part and denied in part the Defendants' Motions on June 26, 2019.

2   ECF 22.  The first Case Management Conference in this case occurred on October 15,

3   2019, after which the court entered a case management and scheduling order on

4   October 15, 2019, (the "First CMO").   Thereafter the parties engaged in discovery,

5   which concluded on August 6, 2020.

6          While discovery was ongoing, on June 11, 2020 Plaintiffs notified Defendants

7   of their intent to seek leave to amend the complaint and sent Defendants a draft Second

8   Amended Complaint on June 14, 2020.   After a meet and confer with Defendants,

9   Plaintiffs moved for leave to file a Second Amended Complaint on June 22. ECF 79.

10  The Second Amended Complaint (among other things) purported to add a Defendant,

11  add substantial factual allegations consistent with what Plaintiffs had learned in

12  discovery, and amend the class definition to reflect the new allegations and theory of

13  liability.  See, Plaintiffs' Motion for Leave to File a Second Amended Complaint at p.

14  5. ECF 79-1.

15         Pursuant to the operative scheduling order, on July 3, 2020, Plaintiffs also moved

16  for class certification.  Fact discovery closed on August 6, 2020.  Thereafter, the parties

17  submitted a joint motion to vacate the then-current case schedule until the Court could

18  rule on Plaintiffs' Motion for Leave to File a Second Amended Complaint, which the

19  court ordered on September 9, 2020.  ECF 102.

20         On December 8, 2020, the court denied Plaintiffs' request to file the SAC for

21  failing to satisfy the good cause requirement for amending the prior scheduling order.

22  The court also set a briefing schedule and hearing for Plaintiffs' previously filed motion

23  for class certification.  ECF 104.  Defendants filed their opposition to Plaintiffs' Class

24  Certification Motion on January 7, 2021, and included a motion to exclude the expert

25  testimony of Plaintiffs' expert.   Plaintiffs then served Defendant with discovery of

26  Defendants' expert and scheduled his deposition.  Shortly thereafter, Plaintiffs agreed

27  Defendants did not have to respond to the discovery requests and the deposition of

28

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION**
**FOR DISMISSAL WITHOUT PREJUDICE**

Defendants' expert was withdrawn.  Plaintiffs also informally notified Defendants of their likely intent to seek dismissal.

On January 27, 2021, Plaintiffs formally notified Defendants of their intent to seek dismissal without prejudice and proposed a stipulation to that effect pursuant to Fed. R. Civ. Proc. 41(a)(1)(ii).  Brown Decl., ¶2.  The next day, Defendants advised that they would not stipulate to a dismissal without prejudice, but would only stipulate to a dismissal with prejudice. Brown Decl., ¶3.

That same day, on January 28, 2021, Plaintiffs withdrew their motion for class certification and requested to meet and confer with Defendants on Plaintiffs' proposed Rule 41(a)(2) motion to dismiss without prejudice.  On February 1, 2021, the parties held a telephonic meet and confer and discussed the issues.  Defendants advised it is their position that the dismissal should be with prejudice, or if it is without prejudice then it should be conditioned upon Plaintiffs' payment of all of Defendants' attorneys' fees and costs.  Brown Decl., ¶5.

During the meet and confer, Plaintiffs advised Defendants that Plaintiffs believe Defendants are not entitled to any attorneys' fees or costs.  However, to avoid motion practice, Plaintiffs offered to consider payment of costs that Defendants incurred for work that could not be used in the subsequent-filed case.  Defendants' declined the offer.  Brown Decl., ¶6.  Plaintiffs also offered to stipulate that the work performed to date in the instant case – such as document productions, depositions, etc. – could be used in the subsequent-filed case.  *Id.* ¶7.  Defendants did not agree to this approach.

There has been no case schedule in place since September 9, 2020 and there is not one currently.  No motions have been filed for an adjudication of the merits of this action, such as a motion for summary judgment.  The Motion for Class Certification was withdrawn.  ECF 115.  There are no dates scheduled for the parties to exchange expert disclosures or conduct expert discovery, to file motions for summary judgment, or for trial.

### III.   STATEMENT OF FACTS

The First Amended Complaint was based upon the information that Plaintiffs had at the time, as illustrated by the allegations.  Since then, discovery has revealed additional facts which support additional theories of liability.

Through discovery, Plaintiffs have learned new information to support their claims, including the theory of liability resulting from fraud by omission.[1]  Specifically, and as further explained below and in the SAC, Defendants knew that as a result of the manufacturing process Halo Top ice cream was inherently "defective."   That is, Halo Top ice cream could not survive the industry-standard transportation and storage processes of the retail ice cream industry in which Halo Top operates.  Moreover, Defendants hid these facts from the distributors, retailers, and consumers with whom Defendants did business.

Halo Top ice cream is extremely vulnerable to changes in temperature and changes in altitude, among other variables.  SAC at ¶4. There are two main reasons for this: *First*, the ingredients used in Halo Top ice cream render the finished product unstable. *Id.*  Because of the type of sugar, lack of fat, etc., the ice cream does not have the same ability of other ice creams to hold together structurally. *Id.*   *Second*, Halo Top's production process whips a large percentage of air into the mix to increase its volume – referred to as "overrun" in the ice cream industry. *Id.* Halo Top's overrun is intentionally much greater than other ice creams, because it allows Halo Top to use less "mix" to create a pint, thereby reducing the cost of production by requiring less actual product to create that pint. *Id.*   And perhaps more importantly, Halo Top's high overrun also necessarily reduces the number of calories "per pint" because such a large percentage of the pint is simply air. *Id.*

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE**

As a result of these two factors – unstable mix of ingredients and extraordinarily high overrun – Halo Top ice cream is, for lack of a better term, inherently defective. SAC ¶5.  It is extremely fragile to changes in temperature and altitude, so much so that it is unable to withstand the ordinary distribution and retail practices within the ice cream industry. *Id.*  When exposed to the variables of temperature and elevation, the "overrun" (air) leaves the ice cream and it collapses, and/or develops large empty "air pockets" in the pint. *Id.*  Halo Top ice cream pints simply cannot survive the standard industry practices of cold storage warehouses, distributors, retail store freezers, or freezers in the homes of consumers. *Id.*

Defendants knew Halo Top Ice Cream suffered from this "shrinkage" defect under normal ice cream industry conditions. SAC ¶5-7. Nonetheless, Defendants sold the ice cream without disclosing that the ice cream was defective insofar as it required special handling practices. SAC ¶9.   As a result, and unbeknownst to anyone in the distribution channel, huge numbers of pints ended up in stores that had already "condensed" during storage and distribution. *Id.* Additionally, Retailers were also not informed of the defect, resulting in more pints to be condensed by the time consumers purchased the ice cream. *Id.* And, Consumers' own freezers were not sufficiently cold to prevent "shrinkage" once they got it home.  SAC at ¶81-83.

Defendants labelled, marketed, and advertised Halo Top ice cream in a way that hides the defect from Distributors, Retailers, and Consumers.  SAC at ¶141.  Then when consumers actually experienced the defect, and only if they complained, did Halo Top offer to replace the defective ice cream pint with a coupon for another ice cream pint which may or may not also be defective. SAC at ¶11, 55, 147.

Moreover, when dealing with consumers the Company hid the defect by knowingly blaming others in the supply chain such as Distributors and Retailers, even though the defect was known only to Defendants and hidden from those very same Distributors and Retailers. *Id.*

PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE

In an effort to keep the scheme going, when consumers complained Defendants sent their boilerplate response wherein Defendants (a) blamed others and (b) promised that Halo Top was "fixing" the issue by, among other things, "getting our own trucks." These statements were also false. *Id.*

Most of these allegations are not present in the FAC and are based upon the discovery obtained in this case in 2020.

## IV.   LEGAL STANDARD

A motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2) is within the sound discretion of the court. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist.,* 100 F.3d at 97. And "[a] dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith*, 263 F.3d at 976.

## V.   ARGUMENT

If Defendants have filed an Answer to the Complaint or a motion for summary judgment, a voluntary dismissal is only available by order of the Court. Fed. R. Civ. Proc. 41(a)(2).[2] That Rule states:

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

---

[2] The parties may also stipulate to a dismissal, but in this instance, Defendants have declined to stipulate to a dismissal without prejudice. Brown Decl., ¶3. See, Fed. R. Civ. Proc. 41(a)(1)(A)(ii).

independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. Proc. 41(a)(2).  In this case, Defendants filed their Answer on July 19, 2019 and they have not asserted any counterclaims.  ECF 24.  Therefore, by this motion Plaintiffs respectfully request the court enter an order dismissing this action without prejudice.

## A.   Dismissal Without Prejudice is Appropriate Here

"A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith v. Lenches*, 263 F.3d at 976.  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id* at 975.  In this case, a dismissal without prejudice will not result in any legal prejudice to Defendants.  In the meet and confer with Defendants, they asserted that the Dismissal should be with prejudice, or if it is without prejudice, then Plaintiffs should be subject to the conditions of payment of fees and costs expended in the litigation by Defendants.  Brown Decl., ¶5.  However, Defendants did not (and cannot) contend they would suffer "legal prejudice."

### 1.   There Is No Legal Prejudice To Defendants

Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.,* 100 F.3d at 97.  "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Id*.  Defendants do not contend they will suffer any legal prejudice as that term is used in a Rule 41(a)(2) analysis. Instead, they contend they have incurred substantial attorneys' fees and expenses in defending the case up to this point.  Brown Decl., ¶5-6.  While that may be true, neither "the expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a dispute remains unresolved" amounts to "legal prejudice." *Westlands Water Dist*., 100 F.3d at 97; *In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) ("[T]he

**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR DISMISSAL WITHOUT PREJUDICE**

1  inconvenience of defending another lawsuit or the fact that the defendant has already

2  begun trial preparations does not constitute prejudice.").[3]

3         Thus, even where a Plaintiff seeks to dismiss his lawsuit and refile or pursue his

4  or her claims  in state court because the Plaintiff views state court as a more favorable

5  forum, there is not "legal prejudice" to Defendant.  See, e.g. *Hamilton v. Firestone Tire*

6  *& Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice, however, does

7  not result simply when defendant faces the prospect of a second lawsuit or when

8  plaintiff merely gains some tactical advantage."). Because Plaintiffs intend to file their

9  case in federal court, just as in the instant case, there is no argument of legal prejudice

10  to Defendants.

### 2.        There Is No Basis To Require A Dismissal With Prejudice

11
12         Plaintiffs seek only to have their case heard on the merits, consistent with the

13  results of discovery and what even Defendants' own statements suggest.  Plaintiffs

14  acknowledge that the court denied Plaintiffs' request to amend the complaint in this

15  action.  Indeed, that is the impetus for the instant motion.  However, that is no basis for

16  not permitting Plaintiffs to dismiss the action under Rule 41(a)(2) and file a complaint

17  that conforms to what Plaintiffs believe they can prove.  See, e.g. *Foman v. Davis*, 371

18  U.S. 178, 181, 83 S. Ct. 227, 229 (1962) (the spirit of the Federal Rules of Civil

19  Procedure is to decide cases on the merits).

20         The court's basis for denying Plaintiffs' motion to amend was not a decision on

21  the merits.  Rather, it was based on the court's determination that Plaintiffs had not met

22  their burden of demonstrating good cause for amending the scheduling order.  See, ECF

23  104 at 16 ("Because the Court concludes that Plaintiffs have failed to establish that

24  they were diligent in seeking any of their proposed amendments, the Court DENIES

25  Plaintiffs' Motion to Amend.").  See, *Mitchell-Jones v. Menzies Aviation, Inc.*, 2011

26

27  [3] See also, *Fischel v. Fox Chiropractic, P.S.*, 2018 U.S. Dist. LEXIS 77579 *;  (W.D.
Wash May 8, 2018) ("The mere risk of a second litigation is present in every case that
28  is voluntarily dismissed without prejudice.").

U.S. Dist. LEXIS 82889, *8 (WD Wash. July 28, 2011) (Dismissal without prejudice after the court denied Plaintiffs' motion to amend the complaint and after Defendant filed a motion for summary judgment.).

Nor in this instance does the stage of the litigation support imposing a requirement that the dismissal be with prejudice. Although the parties have completed discovery, no class has been certified, no experts have been designated, and no party has moved for summary judgment. Indeed, there currently is no schedule in place for designation of experts, expert discovery, motions for summary judgment, or trial.[4] In similar circumstances courts refused to insist on dismissal with prejudice. See, e.g. *Bird v. PSC Holdings I, LLC*, 2014 U.S. Dist. LEXIS 57589 *4 - 5 (SD Cal. April 17, 2014) (Dismissing cause of action without prejudice "after nearly two years of litigation" even though it could result in "piecemeal" litigation.) *Tuoi Thi Ngo v. County of Riverside et al.*, 2019 U.S. Dist. LEXIS 153863 *8, (CD Cal. March 28, 2019) (refusing to dismiss with prejudice after discovery completed in part because "[n]either party has submitted a motion on the merits of the case.").

As these cases point out, the time and expense litigating does not constitute "legal prejudice" to Defendant such that it would justify a dismissal with prejudice. In this case, Plaintiffs advised Defendants of the intended dismissal within approximately 6 weeks and filed the instant motion less than two months after the court's ruling on Plaintiffs Motion for Leave to Amend the Complaint. Brown Decl., ¶1. Thus, Plaintiffs acted in less time than it took Defendants to file a renewed Motion to Dismiss the Complaint. ECF 14, 16. In the interim, no substantive rulings nor decisions on the merits have been made. Dismissal without prejudice is appropriate.[5]

---

[4] A case management conference is scheduled for March 10, 2021. ECF 105.

[5] To the extent Defendants contend Plaintiffs should have ***immediately*** dismissed this case, that too is wrong. See, e.g. *Westlands Water Dist.*, 100 F.3d at 97 ("The Districts could have sought dismissal sooner than they did, but they were not dilatory.") But see *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 Fed. Appx. 636, 638 (9th Cir. 2011) (upholding denial of motion to dismiss without prejudice where motions for summary judgment

### B.      The Court Should Not Impose Conditions on the Dismissal

The court has discretion to impose conditions upon the voluntary dismissal, "on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2).  Some courts have interpreted this to include conditions, such as the imposition of fees and costs, in the appropriate case.  In this case, there is no reason for the court to exercise its discretion to impose Defendants' attorneys' fees or costs on Plaintiffs as requested by Defendants.

### 1.      Attorneys' Fees Should Not Be Imposed As A Condition

The court can impose the payment of attorney's fees if appropriate, in certain very limited instances. *International Video Corp. v. Ampex Corp.*, 484 F.2d 634, 637 (9th Cir. 1973) ("an award of attorney's fees is ordinarily improper in the absence of a statute or under the most unusual circumstances").  Those "most unusual circumstances" are limited to instances in which (1) there is a statutory basis for an award of fees; (2) bad faith on the part of a party (or counsel); or (3) willful violation of a court order.  *Tustin v. Zambrano*, 885 F.2d 1473, 1481 (9th Cir. 1989).  In *Tustin*, the Ninth Circuit stated:

> The Supreme Court has set down specific guidelines for awarding attorneys' fees. In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975), the Supreme Court affirmed the "American Rule" that absent express statutory authority, bad faith, or willful disobedience of a court order, each party should bear the cost of its own attorneys' fees.

*Id.*  None of those circumstances apply here, and Defendants do not contend otherwise.

Notably, Rule 41(a)(2) itself does ***not*** provide an independent basis for awarding attorneys' fees.  *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993).  See, also, *Abbey Dental Ctr. Inc. v. Consumer Opinion, LLC*, 782 Fed. Appx. 618, 620; 2019 U.S. App. LEXIS 32056, **3; (9th Cir. 2019) ("Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs. Courts can

were pending after four years of litigation, and Plaintiff sought to dismiss in-order-to avoid a ruling on those motions and "forum shop" its case by refiling in state court).

condition dismissal upon the payment of costs and fees only where justified by a statute or exception to the American Rule.")

Moreover, even if attorneys' fees (or costs) were available as a condition to permitting voluntary dismissal without prejudice, to do so is discretionary and in exercising that discretion, the court could only impose those fees that Defendants affirmatively demonstrate were for work that cannot be used in the subsequent filed case. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) ("[A] defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties."); *Westlands Water Dist.*, 100 F.3d at 97 ("the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims").

It is Defendants' burden to demonstrate it has incurred fees for work which is not useful in future litigation. See, e.g. *Egan v. Singer*, 2014 U.S. Dist. LEXIS 119453 *7 (D. HI. August 27, 2014) ("Defendant has not established that dismissal should be conditioned on an award of fees and costs."). Here, Defendants have not attempted to meet their burden on this score. Nor could they. All the work performed to date in the instant case will be usable in the subsequent matter and Defendants offer nothing to the contrary.

### 2.    Costs Should Not Be Imposed As A Condition

"Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs. Courts can condition dismissal upon the payment of costs and fees only where justified by a statute or exception to the American Rule." *Abbey Dental Ctr. Inc.*, 782 Fed. Appx. at 620. As set forth above, there is no statute or other basis for awarding costs in this instance. And to the extent a defendant could be awarded its costs as a condition of voluntary dismissal, it is only those costs "for work that cannot

- 17 -

1   be used in any future litigation of the same or similar matters." *Westlands Water Dist.*,

2   100 F.3d at 97.[6]

3       Like their demand for fees, Defendants offer nothing to support a demand for

4   costs that were incurred and that cannot be used in future litigation. "Only those costs

5   incurred for the preparation of work product rendered useless by the dismissal should

6   be awarded as a condition of the voluntary dismissal." *Koch v. Hankins*, 8 F.3d 650,

7   652 (9th Cir. 1993). In the meet and confer, Plaintiffs offered to stipulate to the use of

8   discovery and other matters that Defendants feel are necessary to defend the subsequent

9   lawsuit.[7]  Brown Decl. ¶7.  Defendants declined the offer.  *Id.*

10      Having refused Plaintiffs' offer to discuss these matters in detail, and refusing to

11  agree to a stipulation to reduce costs, Defendants are in no position to insist on

12  "useless" costs as a condition to granting Plaintiffs' motion.

13                     **3.    No Other Conditions Are Appropriate**

14      During the meet and confer, Plaintiffs inquired of Defendants whether they

15  sought any conditions on the dismissal without prejudice other than fees and costs.

16  Defendants advised they did not.  Brown Decl., ¶6.  No other conditions are appropriate

17  here.

18  / / /

19

20

21

22

23

24

25  [6] See also, *Hepp v. Conoco, Inc.*, 97 Fed. Appx. 124, 125; U.S. App. LEXIS 8790, *3 (9th Cir. 2004) (Court did not abuse its discretion by refusing to award costs where Plaintiff agreed to use in the related action all depositions taken in the federal action.)

26

27  [7] For example, Plaintiffs offered to agree the current stipulated protective order and ESI protocols, which the parties negotiated in this case, can be used in the subsequent case.  See, ECF 42, 49.

28

## VI.   CONCLUSION

Plaintiffs' Motion for Voluntary Dismissal Without Prejudice should be granted without conditions.  In the event the court seeks to impose conditions on Plaintiffs' requested dismissal, Plaintiffs' respectfully request an opportunity to consider those conditions prior to imposition by the court.

                                          Respectfully submitted,

DATED:  February 2, 2021               LAW OFFICES OF ANDREW J.
                                       BROWN

                                       _s/ Andrew J. Brown_____
                                          ANDREW J. BROWN

                                       BRIAN J. ELLSWORTH
                                       501 West Broadway, Suite 1490
                                       San Diego, CA  92101
                                       Tel: (619) 501-6650
                                       andrewb@thebrownlawfirm.com
                                       brian@biwellsworth.com

                                       *Attorneys for Plaintiffs Individually
                                       and on Behalf of All Others Similarly
                                       Situated*