1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   YOUSSIF KAMAL, GILLIAN NEELY,           Case No.:  18-CV-1298 TWR (AGS)
     RICHARD LICHTEN, SUSAN COX,
12   NICK TOVAR, MICHELE KINMAN,             **ORDER: (1) DENYING**
13   ASHLEY PETEFISH, and TERRI              **PLAINTIFFS' MOTION FOR**
     BROWN, on their own behalf and on       **VOLUNTARY DISMISSAL**
14   behalf of all others similarly situated, **WITHOUT PREJUDICE, AND**
                                             **(2) REQUIRING PLAINTIFFS**
15                             Plaintiffs,   **TO CHOOSE WHETHER TO**
                                             **CONTINUE LITIGATING THIS**
16   v.                                      **ACTION OR DISMISS THEIR**
17                                           **INDIVIDUAL CLAIMS WITH**
     EDEN CREAMERY, LLC, dba HALO            **PREJUDICE**
18   TOP CREAMERY; and JUSTIN T.
     WOOLVERTON,
19                                           (ECF No. 116)
                              Defendants.
20

21

22        Presently before the Court is the Motion for Voluntary Dismissal Without Prejudice

23   ("Motion for Voluntary Dismissal," ECF No. 116), filed by Plaintiffs Youssif Kamal,

24   Gillian Neely, Richard Lichten, Susan Cox, Nick Tovar, Michele Kinman, Ashley Petefish,

25   and Terri Brown.  Having carefully considered the Motion for Voluntary Dismissal, the

26   Parties' briefing and arguments (ECF Nos. 119, 123, 126–29), and the applicable law, the

27   Court **DENIES** Plaintiffs' request for dismissal without prejudice for the following

28   reasons.

**BACKGROUND**

On June 15, 2018, Plaintiffs Youssif Kamal and Gillian Neely filed this putative class action against Defendant Eden Creamery on behalf of "[a]ll persons who purchased one or more pint-containers of Halo Top ice cream and who received less than a full pint," asserting claims for breach of implied contract and violations of California's Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.*; California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq.*; and California's Consumers Legal Remedies Act, California Civil Code §§ 1770(a)(5), (7), (9). (ECF No. 1.) Plaintiffs' Complaint alleged that Eden Creamery underfilled its "pints" of Halo Top ice cream. (*See id.* ¶ 1.)

After Eden Creamery filed a Motion to Dismiss (ECF No. 7), Plaintiffs filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) on September 6, 2018, adding Plaintiffs Richard Lichten, Susan Cox, Nick Tovar, Michele Kinman, Ashley Petefish, and Terri Brown and Defendant Justin T. Woolverton. (ECF No. 8.) Plaintiffs dropped their breach of implied contract claim and added claims for common law fraud and violation of state consumer law claims under the laws of Arizona, Colorado, Illinois, Nevada, New Jersey, and New York. (*See generally id.*) Again, Plaintiffs' theory of liability was that "Halo Top routinely underfills its pint containers of ice cream." (*Id.* ¶ 3.)

On November 12, 2018, Defendants again moved to dismiss. (ECF No. 14.) On June 26, 2019, the Honorable Cynthia A. Bashant largely denied Defendants' motion. (ECF No. 22.) On July 19, 2019, Defendants filed an Answer. (ECF No. 24.)

On October 8, 2019, the Parties filed their Joint Discovery Plan, in which Defendants disclosed that Eden Creamery had been "sold to Wells Enterprises[, Inc. ("Wells")] in September 2019." (ECF No. 29 at 4 (citing https://www.latimes.com/business/story/2019-09-16/halo-top-ice-cream-company-issold-to-blue-bunny).) Defendants also asserted that their Halo Top "pints are filled at the time of manufacture" and that "Plaintiffs describe a / / /

1  phenomenon called shrinkage, not shortage," which "happens when air whipped into ice
2  cream products during the freezing process escapes." (*Id*. at 8.)

3  On October 15, 2019, Magistrate Judge Andrew G. Schopler entered a Scheduling
4  Order, setting a deadline to "join other parties, to amend the pleadings, or to file additional
5  pleadings" of November 1, 2019. (*See* ECF No. 32 ¶ 3.)

6  On June 25, 2020, Plaintiffs sought leave to amend the First Amended Complaint to
7  add Wells as a Defendant as "successor in interest" to Halo Top and to add "substantial
8  factual allegations supporting liability for all Defendants" and a theory of fraud by
9  omission of material facts. (ECF No. 79 at 2.) Whereas Plaintiffs' original Complaint and
10 First Amended Complaint focused on the alleged underfilling of Halo Top pints, (*see
11 generally* ECF Nos. 1, 8), the Proposed Second Amended Complaint alleged that
12 Defendants' Halo Top ice cream is "inherently defective" because the ingredients and high
13 "overrun" (i.e., whipped air content) render the product "extremely fragile to changes in
14 temperature and altitude" and, consequently, unable to "survive the standard industry
15 practices of cold storage warehouses, distributors, retail store freezers, or freezers in the
16 homes of consumers." (ECF No. 78-1 ¶¶ 4–5.)

17 On December 8, 2020, the Court denied Plaintiffs' Motion for Leave to Amend the
18 First Amended Complaint. (ECF No. 104 (the "Dec. 4 Order").) The Court concluded that
19 Plaintiffs had failed to establish the diligence necessary to satisfy Federal Rule of Civil
20 Procedure 16(b)'s "good cause" standard for extending the Scheduling Order's deadline to
21 amend the pleadings. (*See id*. at 8–16.) The Court concluded that Plaintiffs were aware of
22 the sale of Halo Top to Wells in October 2019, (*see id*. at 9–11), and that Plaintiffs were
23 aware of the facts underlying their new legal theories at least five months before filing the
24 Motion for Leave to Amend the First Amended Complaint. (*See id*. at 11–14.) The Court
25 further stated that, "while Plaintiffs' lack of diligence alone is a sufficient basis to deny
26 their Motion to Amend, the Court also concludes that the proposed amendments would
27 prejudice Defendants." (*Id*. at 14 (citing *In re W. States Wholesale Nat. Gas*, 715 F.3d 716,
28 737 (9th Cir. 2013); *see also id*. at 10–11.) The Court concluded "that Plaintiffs ha[d]

1  failed to establish good cause to substantially change their theory of the case at this late

2  stage." (*Id*. at 14.)

3       On February 2, 2021, Plaintiffs filed the instant Motion for Voluntary Dismissal,

4  seeking dismissal of their claims without prejudice.  (ECF No. 116.)  Plaintiffs contend

5  that they "now desire to pursue their claims in a lawsuit consistent with what Plaintiffs

6  uncovered in discovery and what the evidence shows, and not be limited to the allegations

7  in the FAC, which was drafted without the benefit of that discovery."  (ECF No. 116-1

8  ("Mem.") at 6.)  Plaintiffs state that they "are cognizant that the court previously denied

9  Plaintiffs' request to amend the FAC to add these allegations," and "[i]f this motion is

10  granted, Plaintiffs intend to file a complaint substantially similar to the [Proposed Second

11  Amended Complaint] in federal court."  (*Id*.)  Plaintiffs argue that dismissal without

12  prejudice is appropriate because there is no legal prejudice to Defendants and there is no

13  basis for imposing conditions on without-prejudice dismissal, such as the payment of

14  Defendants' attorneys' fees.

15       On February 24, 2021, Defendants filed an opposition.  (ECF No. 119 ("Opp'n").)

16  Defendants contend that the Motion for Voluntary Dismissal is "an inappropriate end-run

17  around the Court's prior decisions" and that "the Court should permit plaintiffs to

18  voluntarily dismiss this case only if the dismissal is *with prejudice*" because "defendants

19  have incurred $2 million in fees and costs, and plaintiffs were on the verge of an order

20  denying class certification."  (*Id*. at 2–3, 7 (emphasis in original).)  Alternatively,

21  Defendants request a dismissal without prejudice "only upon satisfaction of certain

22  conditions designed to reduce the prejudice to defendants."  (*Id*. at 3.)  Specifically,

23  Defendant request that the Court impose the following conditions to a dismissal without

24  prejudice:

25      • plaintiffs pay for defendants' attorneys' fees for work in this case that
26        cannot be utilized in the proposed new case, including attorneys' fees and
      costs incurred in opposing the motions to amend and for class certification;

27

28  / / /

- discovery and discovery limitations from this case be carried forward into the next case, with additional discovery by plaintiffs allowed only upon good cause;

- plaintiffs are barred from asserting claims in their new case based on the theory that Halo Top ice cream pints were underfilled at that time of manufacture and, accordingly, barred from asserting that the Halo Top ice cream pints were mislabeled as containing one pint of ice cream; and

- the new case be filed in this Court and be assigned to District Judge Robinson and Magistrate Judge Schopler.

(*Id*.; *see also id*. at 14 ("[P]ayment of attorneys' fees and costs in the amount of $428,848.34 should be a condition of dismissal without prejudice.").)

On March 9, 2021, Plaintiffs filed a reply brief arguing that "Defendants ignore that there have been no decisions on the merits of this case—and none scheduled—that could justify dismissal with prejudice here" and that "several of Defendants' proposed conditions are either not permissible, or better resolved in the subsequent filed case." (ECF No. 123 ("Reply") at 5.)

On March 24, 2021, the Court conducted oral argument. (ECF No. 125.) On March 25, 2021, the Court issued an Order directing further evidence and briefing related to the Motion for Voluntary Dismissal. (ECF No. 124 (the "Mar. 25 Order".) On April 6, April 23, and May 7, 2021, the Parties submitted their supplemental filings in response to the March 25 Order. (ECF Nos. 127 ("Brown Decl."), 128 ("Defs.' Supp."), 129 ("Pls.' Supp.").) In their supplemental briefing, Plaintiffs assert that, "[o]n February 5, 2021, Defendant Eden Creamery, LLC merged with Wells Enterprises, Inc. and as a result Eden Creamery, LLC 'disappeared' and no longer exists."[1] (Pls.' Supp. at 3.) Plaintiffs assert that, if the Court were to grant the Motion for Voluntary Dismissal without any conditions,

---

[1] Although it appears Defendant Eden Creamery no longer exists, no motion for substitution or intervention has been filed. *Cf*. Fed. R. Civ. P. 25(c) (providing a basis for a motion for substitution if an interest has been transferred); Fed. R. Civ. P. 24 (providing a basis for intervention to anyone claiming an interest in the subject of the action). Accordingly, the Court will continue to refer to Eden Creamery as a named Defendant in this action.

18-CV-1298 TWR (AGS)

1  Plaintiffs intend to file the Proposed Second Amended Complaint discussed above in
2  another court.  (Brown Decl. ¶ 10.)  In their supplemental briefing, Defendants request the
3  same conditions discussed above and state: "We can now . . . include forum shopping to a
4  list that already includes strategic use of Rule 41 dismissals as a tool plaintiffs and their
5  attorney will use to inappropriately manage their current litigation predicament."  (Defs.'
6  Supp. at 2.)

## ANALYSIS

8  Plaintiffs request dismissal without prejudice and without conditions pursuant to
9  Federal Rule of Civil Procedure 41(a)(2).  (*See generally* Mem.; Reply; Pls.' Supp.)
10  Defendants request that any dismissal pursuant to Rule 41(a)(2) should be made either with
11  prejudice or with the imposition of conditions, including the payment of $428,848.34 in
12  attorneys' fees to Defendants.  (*See generally* Opp'n; Defs.' Supp.)

13  **I.     Prejudice**

14  If, as in this case, the defendants have filed an answer and do not stipulate to the
15  dismissal, a voluntary dismissal is only available by order of the Court.  *See* Fed. R. Civ.
16  Proc. 41(a)(2).  That Rule states in pertinent part:  "[A]n action may be dismissed at the
17  plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless
18  the order states otherwise, a dismissal under this paragraph . . . is without prejudice."  Fed.
19  R. Civ. Proc. 41(a)(2).  "A motion for voluntary dismissal under Rule 41(a)(2) is addressed
20  to the district court's sound discretion."  *Westlands Water Dist. v. United States*, 100 F.3d
21  94, 96 (9th Cir. 1996) (citation omitted).  Although Rule 42(a)(2) states that a silent order
22  is without prejudice, "[t]hat broad grant of discretion [in Rule 41(a)(2)] does not contain a
23  preference for one kind of dismissal or another."  *Hargis v. Foster*, 312 F.3d 404, 412 (9th
24  Cir. 2002).

25  "When ruling on a motion to dismiss without prejudice, the district court must
26  determine whether the defendant will suffer some plain legal prejudice as a result of the
27  dismissal."  *Westlands*, 100 F.3d at 96 (citations omitted); *see also Smith v. Lenches*, 263
28  F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary

1    dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain

2    legal prejudice as a result.") (citations omitted); *Stevedoring Servs. of Am. v. Armilla Int'l*

3    *B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to

4    dismiss an action without prejudice so long as the defendant will not be prejudiced or

5    unfairly affected by dismissal."). "'[L]egal prejudice' means 'prejudice to some legal

6    interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (quoting

7    *Westlands*, 100 F.3d at 97). When determining whether legal prejudice exists, "the cases

8    focus on the rights and defenses available to a defendant in future litigation." *Westlands*,

9    100 F.3d at 97 (citation omitted). "For example, in determining what will amount to legal

10   prejudice, courts have examined whether a dismissal without prejudice would result in the

11   loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id*.

12   (citations omitted). "'[U]ncertainty because a dispute remains unresolved' or because 'the

13   threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice."

14   *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 96–97). "Also, plain legal prejudice

15   does not result merely because the defendant will be inconvenienced by having to defend

16   in another forum or where a plaintiff would gain a tactical advantage by that dismissal."

17   *Id*. (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

18         Defendants contend that the dismissal should be with prejudice because it "would

19   be inequitable and prejudice defendants" if Plaintiffs are allowed "a 'do-over' of this

20   litigation so they can pursue a new theory that they were not diligent in asserting." (Opp'n

21   at 10.) Plaintiffs concede that the sole purpose for the requested dismissal is to allow them

22   to initiate a new federal action and file the Proposed Second Amended Complaint that the

23   Court ruled could not be filed in this action pursuant to Rule 16(b). (*See* Mem. at 6

24   ("Plaintiffs are cognizant that the court previously denied Plaintiffs' request to amend the

25   FAC to add these allegations. . . .  If this motion is granted, Plaintiffs intend to file a

26   complaint substantially similar to the SAC [i.e., Proposed Second Amended Complaint] in

27   federal court.").) The Court's ruling denying Plaintiffs' leave to file the Proposed Second

28   Amended Complaint was based on Plaintiffs' lack of diligence and the recognition of

1  prejudice to Defendants.  (*See* Dec. 4 Order at 14.)  If allowing Plaintiffs to file the

2  Proposed Second Amended Complaint in this action would be prejudicial to Defendants,

3  then permitting Plaintiffs to file the Proposed Second Amended Complaint as a new lawsuit

4  would be similarly prejudicial to Defendants.  Indeed, Plaintiffs are clear that the Motion

5  for Voluntarily Dismissal is intended to negate the Court's ruling denying the Motion for

6  Leave to Amend.  In other words, Plaintiffs seek to avoid the consequences of their own

7  lack of diligence and deprive Defendants of the benefit of the Court's Rule 16(b) ruling.

8      In analogous situations, courts have found that dismissal without prejudice would

9  cause legal prejudice to Defendants.  *See EON Corp. IP Holdings LLC v. Apple Inc.*, No.

10 14-CV-05511-WHO, 2015 WL 4914984, at *5 (N.D. Cal. Aug. 17, 2015) ("[Plaintiff]

11 admittedly seeks dismissal without prejudice in order to re-file its case and include the . . .

12 theory that [the Court] recently decided could not be added in this action.  In such

13 circumstances, courts find legal prejudice to the other party and will not dismiss without

14 prejudice." (citing *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 Fed. Appx. 394, 396 (9th

15 Cir. 2003) ("The district court found that the purpose of [plaintiff]'s motion to dismiss was

16 to negate a magistrate's prior order denying his untimely demand for a jury trial by refiling

17 his claim in state court.  The court did not abuse its discretion in denying [plaintiff]'s

18 motion."))); *AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 1748011, at *4

19 (N.D. Cal. Apr. 23, 2013) ("[T]he Court finds that, if it were to dismiss [Plaintiff]'s action

20 without prejudice, then [Defendant] would in fact suffer legal prejudice in that he would

21 be deprived, at the very least, of the benefit of rulings favorable to him.")); *see also Blue*

22 *Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR, 2015 WL 13655824, at *3 (N.D.

23 Cal. May 4, 2015) ("[T]he Court finds that dismissal should be with prejudice.  The

24 plaintiff's motion [for voluntary dismissal], filed in lieu of complying with the deadline for

25 amending its infringement contentions, is a transparent attempt to circumvent the impact

26 of [the magistrate judge]'s ruling.  The plaintiff seeks to avoid the imminent consequences

27 of its failure to comply with the local rules."); *AF Holdings*, 2013 WL 1748011 at *3 ("[A]

28 dismissal . . . to avoid the effect of . . . unfavorable, but not necessarily dispositive, rulings

8

by the court may constitute legal prejudice.") (quotation omitted); *cf. Smith*, 263 F.3d at 976 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion.").  Accordingly, the Court finds that dismissing this action without prejudice would result in legal prejudice to Defendants.

Moreover, Plaintiff's motion asks the Court to employ the discretion granted in Rule 41(a)(2) to accomplish indirectly what the Court has held cannot be accomplished directly under Rule 16(b).  This would "introduce[] an unnecessary conflict between these two federal rules."  *See Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) ("[A]llowing the district court to accomplish under Rule 41(a)(2) what we specifically prohibit it from doing under Rule 39(b) introduces an unnecessary conflict between these two federal rules.").  In such a situation, "ordinarily [the Ninth Circuit] follow[s] the more specific rule over one more general."  *Id*. (stating that the "specific prohibition on district courts granting jury trials where the parties have failed to comply with [Federal] Rule [of Civil Procedure] 38 must trump the more general discretionary powers of district courts to permit plaintiffs to dismiss under Rule 41(a)(2)").  For this additional reason, the Court finds that dismissal without prejudice is inappropriate.

Accordingly, the Court **DENIES** Plaintiffs' Motion for Voluntary Dismissal (ECF No. 116), which seeks dismissal without prejudice.  For the reasons discussed herein, the Court finds that any dismissal pursuant to Rule 41(a)(2) must be with prejudice.[2]  The

---

[2] The Court has analyzed the issue of whether to dismiss without or with prejudice using the "legal prejudice" standard advocated by Plaintiffs.  (*See* Mem. at 13–15; Reply at 6–9.)  Defendants advocate for a different, three-part standard.  (*See* Opp'n at 8–9 ("In determining whether dismissal should be with or without prejudice, the court can consider: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." (citing *Huynh v. Quora, Inc.*, 2020 WL 4584198, at *2 (N.D. Cal. Aug. 10, 2020)))).)  Although Plaintiffs argue persuasively that the "legal prejudice" standard applies, (*see* Reply at 8–9), even considering the standard advocated by Defendants, dismissal with prejudice would be appropriate here.  Defendants submit an affidavit indicating that they have spent over $2 million in legal fees litigating this case for over two years.  Plaintiff's lack of diligence, as detailed in

1   Court emphasizes that the claims being dismissed with prejudice would be the *individual*

2   *claims* brought by the named Plaintiffs in the First Amended Complaint.  The *class claims*

3   for the putative class would be dismissed without prejudice.  No class has been certified

4   and no Party has addressed the requirements for dismissal of the *class claims* alleged in the

5   First Amended Complaint.  *Cf.* Fed. R. Civ. P. 23(e); *Albers v. Yarbrough World Sols.,*

6   *LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at \*1 (N.D. Cal. May 13, 2021) (stating

7   that there is "some uncertainty" as to whether a court must review the effect of a voluntary

8   dismissal without prejudice on class claims prior to class certification).  To the extent the

9   Court is required to review the dismissal of the class claims, the Court finds that the

10   dismissal of the First Amended Complaint's class claims without prejudice will not harm

11   any putative class members.  *See Albers*, 2021 WL 1925520, at \*2.

12        The Ninth Circuit has held that the language of Rule 41(a)(2) "effectively provides

13   the plaintiff with a reasonable period of time within which either to refuse the conditional

14   voluntary dismissal by withdrawing the motion for dismissal or to accept the dismissal

15   despite the imposition of conditions."  *Beard v. Sheet Metal Workers Union, Local 150*,

16   908 F.2d 474, 476 (9th Cir. 1990) (quotations omitted).  As set forth below, Plaintiffs will

17   be accorded a reasonable period to decide whether to accept dismissal with prejudice

18   pursuant to Rule 41(a)(2) or to reject dismissal with prejudice and continue litigating this

19   action in this Court.

20   **II.**    **Conditions**

21        In their Opposition, Defendants request four conditions "[a]lternatively, if the Court

22   determines that dismissal without prejudice is appropriate."  (Opp'n at 11.)  The Court does

23   not address the alternative request for these conditions because the Court has determined

24   / / /

25   / / /

26

27   the Order denying Plaintiffs leave to file the Proposed Second Amended Complaint (*see* Dec. 4 Order), is

28   the reason the Motion for Voluntary Dismissal was filed.  And apart from Plaintiffs' dilatory desire to file
the Proposed Second Amended Complaint, Plaintiffs offer no explanation for the need to dismiss.

18-CV-1298 TWR (AGS)

1    that dismissal with prejudice is appropriate.[3]   Defendants request a single condition,

2    however, in the event of a with-prejudice dismissal.  Specifically, "[i]f plaintiffs' counsel

3    chooses to convince the plaintiffs to dismiss their claims with prejudice so that he can

4    pursue a different case on behalf of non-parties to this action, defendants request that the

5    Court retain jurisdiction to enforce the terms of the Protective Order."  (Defs.' Supp. at

6    6–7.)   The Protective Order, which was stipulated by the Parties and entered by the

7    Honorable Andrew G. Schopler, states that the Parties and their attorneys will continue to

8    be bound by the Protective Order even after final termination of this action.  (*See* ECF No.

9    49 ¶ 22.)  Accordingly, the Court already retains jurisdiction over the Protective Order and

10   any disputes arising from it.  For this reason, the Court **DENIES AS MOOT** Defendants'

11   request for a new order retaining jurisdiction over the Protective Order.

## CONCLUSION

13   In light of the foregoing, the Court **DENIES** Plaintiffs' Motion for Voluntary

14   Dismissal to the extent it seeks dismissal without prejudice.  (ECF No. 116.)  The Court

15   finds that any dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) must be with

---

[3] Even if the Court were to consider the alternatively requested conditions, they would not be appropriate here.  Most notably, Defendants have failed to point to applicable legal authority for awarding Defendants attorney's fees. *See Abbey Dental Ctr. Inc. v. Consumer Opinion, LLC*, 782 Fed. App'x 618, 620 (9th Cir. 2019) ("Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs.  Courts can condition dismissal upon the payment of costs and fees only where justified by a statute or exception to the American Rule.") (citing *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 n.25 (9th Cir. 1989)); *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975) (reaffirming the "American Rule" that, absent express statutory authority, bad faith or willful disobedience of a court order, each party should bear the cost of its own attorney's fees and stating that Congress has not "extended any roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted").  Moreover, "district courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Woytenko v. Ochoa*, No. CV-19-413-TUC-DCB, 2021 WL 763879, at *6 (D. Ariz. Feb. 26, 2021) (quotation and citations omitted).  Finally, even if fees were potentially available, the Court would deny Defendants' request on the basis that Defendants have failed to adequately substantiate the reasonableness of the amount of their claimed fees, despite being given two opportunities to do so.  (*See* Mar. 25 Order at 2 (permitting Defendants to "file a supplemental brief, including supporting exhibits if appropriate, detailing the fees and/or costs to which Defendants contend they are entitled in the event Plaintiffs are permitted to dismiss this action").)

18-CV-1298 TWR (AGS)

1  prejudice.  No later than twenty-one (21) days from the date this Order is electronically

2  docketed, Plaintiff **SHALL FILE** a notice indicating whether they (1) accept dismissal of

3  their individual claims with prejudice pursuant to Rule 41(a)(2), or (2) choose to continue

4  litigating this action in this Court.  *Should Plaintiffs fail timely to file the ordered notice,*

5  *the Court will dismiss Plaintiffs' individual claims with prejudice pursuant to Rule 41(a)(2)*

6  *and Civil Local Rule 83.1(a).*

7      **IT IS SO ORDERED.**

8

9  Dated:  September 29, 2021

10  _____

     Honorable Todd W. Robinson

11  United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18-CV-1298 TWR (AGS)